**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4428**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ATUM N. MAMBE, a/k/a Michael Mambe, a/k/a Maxwell Tuum,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William M. Nickerson, Senior District Judge.   (1:07-cr-00164-WMN-1)

Submitted:  January 30, 2009          Decided:  February 17, 2009

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

David W. Lease, SMITH, LEASE & GOLDSTEIN, LLC, Rockville, Maryland, for Appellant.  Kwame Jangha Manley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Atum N. Mambe appeals his conviction and sentence following a guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341 (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether: (1) the district court failed to comply with Fed. R. Crim. P. 11 in accepting Mambe's guilty plea; (2) the district court erred in applying a two point enhancement for the use of "sophisticated means" pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(9) (2007); (3) Mambe's trial counsel was ineffective in recommending that he enter into the plea agreement; and (4) the court erred in determining the amount of restitution owed. Additionally, Mambe has filed a pro se supplemental brief in which he essentially restates the claims raised in his counseled brief and also questions whether his sentence is too harsh. In response, the Government has filed a motion to dismiss based on the waiver of appellate rights in Mambe's plea agreement.

This court reviews the validity of a waiver of appellate rights de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will apply the waiver if it is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is

2

valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

We have reviewed the record in this case and determine that Mambe's plea was knowing and voluntary and that his waiver was valid. The express terms of the waiver, however, preclude an appeal only as to Mambe's sentence resulting from an adjusted base offense level of 22. Because the district court determined that Mambe's offense level was 22, his appeal of his sentence is barred by his waiver of appellate rights. Therefore, we dismiss that portion of his appeal.

Mambe also claims his trial counsel was ineffective. Mambe's claim of ineffective assistance is not barred by his plea waiver. Nevertheless, we decline to address it on direct appeal. Unless trial counsel's ineffectiveness "conclusively appears" on the record, it is not cognizable on direct appeal, but must instead be raised in a post-conviction proceeding pursuant to 28 U.S.C.A. § 2255 (West 2000 & Supp. 2008). United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Because Mambe's counsel's ineffectiveness is not apparent on the

3

record, Mambe must pursue this issue in an appropriate post-conviction proceeding. Accordingly, we deny the Government's motion with respect to Mambe's ineffective assistance claims and affirm his conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART